WILHELM PITSCH ET AL., PROSECUTORS, v. J. BLAUVELT HOPPER, SURROGATE, ETC., ET AL., RESPONDENTS.

Argued June 25, 1937—Decided September 28, 1937.

Before Justices LLOYD, CASE and DONGES.

For Mary Help of Christians School for Orphan Boys, and The Institute for the Blind Sisters of St. Joseph of Peace, &c., Catholic Orphan Asylum (St. Joseph's) for Boys, *William J. Morrison, Jr.*

For the executors and Paul H. Voegeli, guardian, *Frank H. Hennessy* and *Hulst, Hennessy, Mowry & Widnall.*

PER CURIAM.

This is on motion to vacate the *allocatur* of a writ of *certiorari* applied for and allowed April 1st, 1937, to review a surrogate's order of probate made August 1st, 1935. The statutory limitation to review a court order by writ of *certiorari* is eighteen months. 1 *Comp. Stat., p.* 403, § 3. This court recognizes that limitation to the extent that it is rea-

sonable in a given case. *Red Oaks, Inc.,* v. *Dorez, Inc.,* 117 *N. J. L.* 280; 187 *Atl. Rep.* 737. The period of eighteen months from probate expired on February 1st, 1937. We are satisfied that with reasonable expedition a writ to review the probate could have been sought well within the statutory period.

Prosecutor would raise the question of jurisdiction of the surrogate to probate, alleging that there were doubts on the face of the instrument and that thereupon it became the duty of the surrogate, section 13 of the Orphans Court act (3 *Comp. Stat., p.* 3816, as amended, chapter 370, *Pamph. L.* 1931; *N. J. Stat. Annual* 1931, § 146-13), to cite the parties to the Orphans Court—there to try the issue. But the Court of Errors and Appeals has already considered this will (*Christian Orphan Home* v. *Guaranty Trust Co.,* 121 *N. J. Eq.* 257; 190 *Atl. Rep.* 103) and determined the question of doubt arising on the face of the instrument contrary to prosecutor's contention.

The motion to vacate will be granted, with costs.