31 N.J. Super. 22 (1954)
105 A.2d 899
BOARD OF EDUCATION OF THE BOROUGH OF FORT LEE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF FORT LEE, THE ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF FORT LEE, STEINER-MASSARI BUILDERS, INC., AND CLIFF HOUSE, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1954.
Decided June 4, 1954.
*23 Before Judges EASTWOOD, JAYNE and SMALLEY.
Mr. James A. Major argued the cause for the plaintiff-appellant, Board of Education of the Borough of Fort Lee.
Mr. William V. Breslin, attorney for Mayor and Council of the Borough of Fort Lee and the Zoning Board of Adjustment of the Borough of Fort Lee, defendants-respondents.
Mr. David S. Bate argued the cause for the defendants-respondents, Steiner-Massari Builders, Inc., and Cliff House, Inc. (Messrs. Boyd, Dodd, Keer & Booth, attorneys; Mr. Ernest F. Keer, Jr., of counsel).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This is an appeal from a summary judgment of the Law Division dismissing plaintiff's complaint, filed in lieu of a prerogative writ, to set aside the *24 action of the Borough of Fort Lee in 1949, granting a variance, on recommendation of the board of adjustment, to the owners of property adjacent to plaintiff's high school building, for the construction of an apartment house.
On October 17, 1949 the Board of Adjustment of the Borough of Fort Lee considered an application for a variance to erect a five-story apartment house in a one-family residential zone. The board of education participated in the hearing and offered no objection to the proposed construction, except that it be constructed at least 64 feet from the rear line of the high school property. The board of adjustment recommended the variance to the borough council, subject to the aforementioned reservation.
On November 2, 1949 the borough council passed a formal resolution approving the grant of the variance. The property owner obtained its building permit on July 14, 1953, at which time it commenced building operations.
The owner alleges that it has expended large sums of money on plans, specifications, architects' fees and mortgage loans and has entered into building construction contracts.
On November 16, 1953 the defendants were served with a preliminary injunction restraining further construction work. Thereafter, on December 10, 1953, on motion of the defendants, Steiner-Massari Builders, Inc., and Cliff House, Inc., a summary judgment was entered dismissing plaintiff's complaint, from which judgment the plaintiff appeals.
It is the plaintiff's contention that the action of the trial court was erroneous in that there is no proof in the record that the requisites of R.S. 40:55-39 were present entitling the owners to a variance; that such findings are jurisdictional prerequisites to action by the board of adjustment; that any determination made without those prerequisites is invalid and will not be vitalized by the passage of time.
It appears from the proofs before the trial judge that due notice of the original application to the board of adjustment was given to all property owners within 200 feet of the property *25 in question; that signed consents to the proposed construction were filed with the board by a number of those property owners, and at that time the board of education did not object to the variance, but urged that the proposed building be not less than 64 feet distant from the high school.
The basis of plaintiff's assertion of failure to comply with the statutory prerequisites is an affidavit that the resolution of the board of adjustment failed to recite the same, i.e., a case of hardship as provided in R.S. 40:55-39. On the motion for summary judgment, the record and affidavits presented to the court disclose that the resolution of the borough council was adopted on November 2, 1949, and recited that that body having "considered all of the surrounding facts and circumstances and has found that the granting of such relief would serve the public interest and no one having filed any objections thereto with this body or at the hearing before the Board of Adjustment," resolved to grant the variance in question and directed the issuance of a building permit therefor; that the secretary of the board of adjustment had in his possession, prior to the hearing before the board, written consents to the grant of the variance applied for, signed by neighboring landowners, copies of the notice directed to neighboring landowners within 200 feet together with a statement that, prior to the board meeting, the applicant had served the notice of the proposed application upon the adjoining property owners; that the board of adjustment received a formal application for a variance as to the lands in question, in proper time, and that appended thereto were drawings of the proposed buildings; that the defendants' application to the board of adjustment requesting a variance contained a recitation of hardship due to the one-family zoning restriction. We thus conclude that the trial court's finding of "no genuine issue as to any material fact," was proper.
The affidavit appended to plaintiff's complaint for injunctive relief alleges that the minutes of the board of adjustment and resolution of the borough council fail to recite a *26 finding that literal enforcement of the provisions of the ordinance will work unnecessary hardship as required by the statute. In the case of Wilson v. Union Township, 123 N.J.L. 474, 478 (Sup. Ct. 1939), Chief Justice Brogan considered a similar matter. The board of adjustment recommended that the township committee grant the applicant a variance and the township committee received that recommendation and after consideration, granted the variance. The appellants thereafter contended that the action was illegal because there was no finding that the refusal of the variance to the ordinance would work unnecessary hardship on the applicant. The court, denying merit to that contention, said:
"* * * The several resolutions that have been mentioned are a complete answer to this argument. The municipal authorities, to whom the law entrusts matters of this kind, affirmatively approved the petition for variation of the ordinance. Implicit in their resolutions is the finding that the change will not be `contrary to the popular interest' and in neither municipal body was there any dissenting voice."
More recently this court commented on Chief Justice Brogan's ruling and stated in the case of Ackerman v. Board of Commissioners, 1 N.J. Super. 69, 74 (App. Div. 1948):
"* * * The ruling principle is that the board may not act unreasonably or capriciously; there must be a factual foundation on which its judgment is built. How the facts shall be determined depends on the circumstances of the particular matter. In the instant case, there was no dispute over the facts on which the Board's recommendation was sought or was opposed; they were well-known to the Board and to all the parties. Under such circumstances, the Board could properly act without taking testimony or making a formal inspection of the site."
On March 15, 1951 Rule 3:81-15 (now R.R. 4:88-15) was adopted and it bore the descriptive title "Limitation on Bringing Certain Proceedings" and limited review of decisions of zoning boards of adjustment to proceedings brought within 30 days from the filing of the decision. In Theresa *27 Grotta Home for Convalescents v. Bd. of Adjustment of Borough of North Caldwell, 19 N.J. Super. 331, 335 (App. Div. 1952), Judge Francis stated:
"There is no distinction in principle between invoking the jurisdiction of an appellate tribunal within a time fixed and invoking the jurisdiction of a reviewing tribunal which proceeds in the nature of an original action. Once the time lapses, the right of review is gone. Under the former practice our courts long recognized and applied reasonable legislatively imposed limitations on the institution of prerogative writ proceedings. Cole v. Brunswick Leather Goods Corporation, 1 N.J. Super. 190, 63 A.2d 569 (App. Div. 1949); Pitsch v. Hopper, 15 N.J. Misc. 662 (Sup. Ct. 1937); Red Oaks v. Dorez, Inc., 117 N.J.L. 280 (Sup. Ct. 1936); Van Anglen v. City of Bayonne, 56 N.J.L. 463 (Sup. Ct. 1894); Traphagen v. West Hoboken, 39 N.J.L. 232 (Sup. Ct. 1877), affirmed 40 N.J.L. 193 (E. & A. 1878).
In Cole v. Brunswick Leather Goods Corporation, supra, the Appellate Division said:
`Under this statute, the right to review depends upon the issuance of a writ of certiorari within eighteen months after the entering of the judgment below, * * *. The right to review was lost when no writ of certiorari issued within the said period.'
In 1928 the Legislature adopted an act declaring that `No writ of certiorari to review any decision of the board of adjustment shall issue unless application therefor be made within thirty days after the filing of the decision in the office of the board.' (R.S. 40:55-46.) The former Supreme Court adjudged the 30-day limitation to be reasonable. Peckitt v. Board of Adjustment of Borough of Spring Lake, 136 N.J.L. 405 (Sup. Ct. 1947).

* * * * * * * *
If the 30-day period is considered against a background of the title of the rule, namely as a limitation on `bringing' a proceeding in lieu of certiorari and therefore akin to a statute of limitation on an original action, it becomes even more evident that relaxation was not contemplated. Invariably the expiration of a period of limitation prescribed by the Legislature has been deemed by the courts to give birth to a vested right in the person against whom the cause of action existed to be forever free from prosecution thereon. This doctrine is deeply imbedded in our law. State of New Jersey v. Standard Oil Company, 5 N.J. 281, 293 (1950), affirmed 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951). Therefore it is most unlikely that the Supreme Court, having sole regulatory power in the field of prerogative writs, would adopt a flexible and elastic time limitation for the institution of such actions. * * *"
See Iannella v. Johnson, 136 N.J.L. 514 (Sup. Ct. 1948), affirmed 137 N.J.L. 659 (E. & A. 1948); Boulevard Improvement *28 Co. v. Academy Associates, 3 N.J. Super. 506 (Law Div. 1949).
In the case of Holloway v. Pennsauken Tp., 12 N.J. 371 (1953), the Supreme Court held that the landowner's complaint in lieu of certiorari challenging the validity of an assessment, brought more than nine months after certification of the assessment, would not lie; that the statute and rules prescribed the period of 30 days as the time within which review may be had and that there was no constitutional ground taking the issue out of the 30-day limitation. In that case also, the plaintiffs had been served with notice of the hearing. The trial court's dismissal of the action as untimely was affirmed. Cf. Jones v. Zoning Bd. of Adjustment, Long Beach Tp., 28 N.J. Super. 483 (Law Div. 1953); In re Buckeye Pipe Line Co., 13 N.J. 385, 389 (1953).
Notwithstanding the aforementioned rule limiting the time within which an appeal shall be taken, the appellant argues that because its resolution did not set forth the statutory prerequisites, the variance granted is utterly void and subject to collateral attack at any time, in addition to direct review within the prescribed limitation of time, citing the cases of V.F. Zahodiakin Engineering Corp. v. Zoning Bd. of Adjustment, Summit, 8 N.J. 386 (1952) and Lynch v. Hillsdale, 136 N.J.L. 129 (Sup. Ct. 1947), affirmed 137 N.J.L. 280 (E. & A. 1948). An examination of those cases discloses that the appeals were taken within the time prescribed by the statute or the court rules. In addition, the court observed that rather prompt expenditure of money by the owner of the land does not put the governing body's action beyond challenge. Jones v. Zoning Bd. of Adjustment, Long Beach Tp., supra; Theresa Grotta Home for Convalescents v. Bd. of Adjustment of Borough of North Caldwell, supra.
The appellant contends that the board of adjustment, being a statutory body, its proceedings must affirmatively show the jurisdictional facts on which its variance was granted. From that premise the appellant argues that the board's action *29 was illegal and void, and that a void judgment may be vacated at any time, citing numerous cases in support thereof. Reference to the cited cases will disclose that the court clearly had no jurisdiction over the subject matter or the person against whom the judgment was entered. In the instant case, however, there can be no question that the board of adjustment, under the statute, had jurisdiction of the subject matter and over the persons affected by the resolution granting the variance.
We note that R.S. 40:55-39 in its original and amended form provides:
"If such recommendation shall be approved by the governing body or board of public works then the administrative officer in charge of granting permits shall forthwith issue a permit for such structure or use."
Under this language it would appear that application for and issuance of the building permit should be expeditiously undertaken; that it is doubtful whether a delay of several years in the application for and issuance of the permit was intended. However, we find no legislative or judicial expression limiting the time within which a building permit may be issued following the grant of a variance and we deem that matter is one to be settled by the Legislature rather than the Judiciary.
In view of the circumstances of this case, the fact of due notice to neighboring landowners, filed consents from neighboring landowners reciting that the grant of the variance would be advantageous to the area, the presence of the appellant at the hearing by the board of adjustment, without objection except as to proximity of proposed building to its high school, and the plaintiff's delay of four years to test the validity of the borough's approval of the variance, we conclude that no useful purpose would be served by remanding the matter with direction to the board to set forth its findings.
Affirmed, without costs.