119 N.J. Super. 131 (1972)
290 A.2d 448
RAMSEY ASSOCIATES, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF BERNARDSVILLE AND SAMUEL CONKLIN (NOW TED VALLACHI), BUILDING INSPECTOR, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1972.
Decided May 4, 1972.
*132 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. John T. Lynch argued the cause for defendants.
Mr. William P. Westling argued the cause for plaintiff (Messrs. Imbriani and Westling, attorneys).
PER CURIAM.
Defendants appeal from a Law Division judgment which (1) reversed the board of adjustment's denial of a variance sought by plaintiff under N.J.S.A. 40:55-39(c) to permit the construction of a residence on an "undersized" lot; (2) granted plaintiff the requested variance, and (3) ordered the building inspector to issue a building permit authorizing the construction of the residence.
Plaintiff cross-appeals from an interlocutory order which adjudged that it was not entitled to the benefit of a variance which had been granted to a predecessor in title some 5 1/2 years before plaintiff purchased the property. The court ruled that the variance had expired by virtue of section 1709 of the borough zoning ordinance which provides that a variance or exception granted by the board "shall expire if no construction, alteration or conversion has been commenced within one year from the date of granting such variance or exception." The court rejected plaintiff's contention that the ordinance limitation is invalid.
The cross-appeal lacks merit. It has long been settled that a municipality may by ordinance limit the time within which work must start under a building permit. Sun Oil Co. v. Bradley Beach, 136 N.J.L. 307 (Sup. Ct. 1947), *133 aff'd o.b. 137 N.J.L. 658 (E. & A. 1948); 9 McQuillin, Municipal Corporations (3 rev. ed. 1964), § 26.219 at 566,
In Sun Oil Co. v. Bradley Beach the court said:
We cannot say that placing a time limit for the commencement of work under a building permit is unreasonable. It does not seem desirable that a permit holder should indefinitely delay the commencement of work. It is not unreasonable that there be a time limit when work must start under a building permit. [136 N.J.L. at 309]
The same considerations are applicable to and support the validity of an ordinance provision such as section 1709 fixing a reasonable period within which construction authorized by the grant of a variance must commence. It is not unreasonable or improper to require a new application for a building permit or a variance to be filed if construction pursuant to the permit or variance theretofore granted is not begun within the time limited by the ordinance.
Board of Education, Fort Lee v. Mayor, etc., Fort Lee, 31 N.J. Super. 22, 29 (App. Div. 1954), on which plaintiff relies, is not to the contrary. In Fort Lee, supra, the ordinance did not contain a limitation of time "within which a building permit may be issued following the grant of a variance." The decision in that case was but an application of the rule stated in 2 Rathkopf, Zoning and Planning (3 ed. 1966), c. 46 at 46-1 et seq:
When a variance or special exception is granted the use permitted thereby becomes a conforming use and such use is not lost through non-exercise, in the absence of a time limitation set forth in the variance itself or in the zoning ordinance. [Emphasis added]
We turn next to defendants' appeal. Plaintiff, on March 31, 1967, had purchased property designated as lots 9 and 10 in Block 49 on the Bernardsville tax map. Under zoning ordinance 230, adopted January 22, 1959, the lots are in an R-5 Residential zone in which each building lot is required to have a frontage of at least 50 feet. Lots 9 and 10 each have a frontage of only 41.75 feet.
*134 A house had been constructed on lot 10 in the 1920's. The board of adjustment in its resolution of July 1, 1970 found from the evidence offered before it that:
A. The house located on Lot 10 is set back 27 feet from the street. The said house is 16 feet 6 inches wide and the right side yard is 12 feet and the left side yard is 12 feet six inches.
B. The lot in question, being Lot 9, Block 45, on the Tax Map of the Borough of Bernardsville, has been for more than 40 years last past a vacant lot used in common with the adjoining Lot 10 as if both were a single lot or home site (sic), there having been during said period of over 40 years:
1. a lawn covering and common to both said Lots 9 and 10 and maintained by the resident, from time to time, of the house on Lot 10;
2. a common row of shrubbery running across the frontage of both lots and maintained by the resident, from time to time, of the home located on Lot 10;
3. a garden maintained and used for some years on Lot 9 by the resident, from time to time, of the home located on Lot 10; and
4. no natural or artificial boundary or division line between said Lots 9 and 10,
and concluded that by reason of the incorporation and maintenance over the years of lot 9 as part and parcel of the homesite, there was no showing of "hardship," an element which must be shown to warrant a variance under N.J.S.A. 40:55-39(c), and no justification for granting a variance "which in effect would subdivide [plaintiff's] premises into two non-conforming parcels." Bove v. Board of Adjust., Emerson, 100 N.J. Super. 95, 101 (App. Div. 1968).
Plaintiff, to quote from its brief,
* * * recognize[s] the proposition that property owners have been denied variances for some substandard lots where the lot in question has, as a matter of use, been "incorporated" into (usually) the houselot from which the owner now seeks its separation. The issue thus tendered goes to whether there is in fact a bona fide hardship for the owner, or whether the "hardship" really results from a second guess by the owner as to how he wishes to use the property.
However, it argues that the trial court was correct in its conclusion that the evidence does "not support the Board of *135 Adjustment's findings that the two lots have been so closely tied together by use over the years so as to constitute one homesite."
We disagree. We conclude from our study of the record that the evidence furnishes adequate support for the board's findings and that its conclusions were neither arbitrary or unreasonable. See Bove, supra.
The final judgment in plaintiff's favor from which defendants appealed is reversed. The interlocutory order from which plaintiff cross-appealed is affirmed.