38874. SCHULMAN v. FULTON COUNTY et al.

MARSHALL, Justice.

The appellant Schulman constructed an outdoor aerial lighting system for a swimming pool located at his residence in Fulton County.

In June of 1980, he applied to the appellee Board of Commissioners of Roads and Revenues of Fulton County for a special use permit for the lighting system. This application was denied. However, in April of 1981, the appellant filed another application for a special use permit. The latter application was granted on June 3, 1981, on the condition that certain modifications be made in the lighting system and that the usage of the lights be restricted to certain hours. The appellant has expended money in order to make the required modifications.

However, on July 22, 1981, the appellee voted to reconsider its decision to issue the special use permit to the appellant, and on October 7, 1981, the appellee revoked the permit.

This petition for mandamus was filed by the appellant in the Fulton Superior Court in order to compel the appellee to issue the permit. The appellant's basic argument is that the appellee has no statutory or ordinance authority to rehear or reconsider a decision to issue a special use permit. The appellant also argues that issuance of the permit vested his right to continue using the lighting system.

The superior court ruled that under *Black v. Westside Development Co.,* 106 Ga. App. 378 (126 SE2d 901) (1962), the appellee, sitting as an administrative body initially authorized to make the zoning decision rather than as an appellate tribunal, was authorized to reconsider its decision to grant the special use permit.

But see *Westbrook v. Albany Planning Comm.,* 148 Ga. App. 338 (3) (251 SE2d 110) (1978). This appeal follows. *Held:* We reverse.

*Barker v. County of Forsyth,* 248 Ga. 73 (2) (281 SE2d 549) (1981), establishes a rule under which a landowner acquires vested rights under a zoning ordinance by making a substantial change in position by expenditures in reliance upon assurances of zoning officials that a building permit will be issued. Under the cases cited in *Barker,* actual issuance of a building permit vests zoning rights even in the absence of a showing of reliance on the permit. By a parity of reasoning, issuance of a special use permit should also be held to vest rights, especially where, as here, the applicant for the permit has expended money in reliance thereon. Therefore, we hold that the appellant in this case has acquired a vested right to use his property in the manner authorized by the special use permit. For this reason, if for no other, the appellee lacked the authority to reconsider its decision granting the special use permit.

*Judgment reversed. All the Justices concur, except Hill, P. J., who concurs in the judgment only.*

DECIDED SEPTEMBER 23, 1982.

*Susan Pease Langford,* for appellant.
*Franklin, Axam & Ashburne, Franklin N. Biggins,* for appellees.