## 42511. CANNON v. CLAYTON COUNTY.
(335 SE2d 294)

CLARKE, Justice.

This appeal presents the question whether a county may impose a moratorium on the issuance of building permits to appellants here. Appellants sought to build mobile homes on land zoned for that use and filed a suit for mandamus in the Superior Court of Clayton County after the county refused to issue the necessary permits. The trial court denied all relief and appellants bring this appeal, alleging that 1) the imposition of the moratorium violated the constitutional rights of property owners whose rights in the property as zoned had vested, and 2) they are entitled to mandamus relief requiring appellees to issue all permits necessary to allow them to develop the property for the purpose for which it is zoned.

Appellants bought the property in question in 1983 intending to develop it as a mobile home park. When they purchased the property it was zoned to allow this use and remains so zoned. Nevertheless, the Clayton County Board of Commissioners refused appellants the necessary permits on the basis that in April 1985, they had placed a moratorium on the issuance of permits for mobile home parks pending a study of the county's comprehensive land use plan. The county claims that the moratorium is constitutional because local governing bodies are given more extensive powers under the 1983 Constitution.

We have held that "[i]n this State when land is zoned for a particular use, and an applicant properly applies for authorization to use the land for that particular use, he is entitled to have such authorization issued; an applicant must thereafter comply with all reasonable conditions and requirements imposed upon the use of the land, and if he fails to do so the governing authority can withhold building permits and occupancy permits to enforce compliance with these regulations and conditions subsequent; but a governing authority cannot deny or postpone requested authorization to use the land for a permitted use and then defeat the applicant's right by thereafter rezoning the land." *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260, 265-66 (191 SE2d 85) (1972). See also *City of Lawrenceville v. Humphries*, 229 Ga. 724 (194 SE2d 84) (1972).

The county argues that those cases which hold that a property owner with a vested interest in a particular zoning is entitled to the permits necessary to develop the land predated the 1983 Georgia Constitution. The county contends that Art. IX, Sec. II, Par. IV of the 1983 Constitution gives the county governing authority such broad zoning power that these cases are no longer applicable. We need not decide whether the power has in fact been broadened because even if the county's zoning power has been broadened, the county may not use its zoning power to defeat the vested property

interest of a property owner to use his land as zoned.

Here the county placed a moratorium on building permits for mobile home parks after appellants applied for a permit. Under the zoning which is currently in force, a mobile home park is a permitted use. Therefore, appellants are entitled to receive the necessary building permits to build the mobile home park if they have complied with all requirements for the building permits. The record clearly shows that the denial of the permits came as a result of the moratorium. We have seen no indication that appellants failed to comply with any of the requirements for the permits. Under our cases appellants would have a vested property interest in the property as zoned even if the county changed the zoning which it has not done. This is because appellants made expenditures, in addition to paying the purchase price, in reliance on the zoning and received assurances that they would be able to get a permit for the use planned. Under the Georgia rule announced in *Barker v. County of Forsyth*, 248 Ga. 73, 76 (281 SE2d 549) (1981), "[w]here a landowner makes a substantial change in position by expenditures in reliance upon the probability of the issuance of a building permit, based upon an existing zoning ordinance and the assurances of zoning officials, he acquires vested rights and is entitled to have the permit issued despite a change in the zoning ordinance which would otherwise preclude the issuance of a permit." That the county may have been given increased authority to zone under the 1983 Constitution does not enable it to defeat the appellants here by a moratorium placed on permits after they applied for a permit, made substantial expenditures, and received assurances from zoning officials.

*Judgment reversed. All the Justices concur, except Hill, C. J., who concurs in judgment only.*

DECIDED OCTOBER 17, 1985 —
RECONSIDERATION DENIED OCTOBER 29, 1985.

*Alston & Bird, Peter M. Degnan, John E. Stephenson, Jr., Vickie Cheek Lyall,* for appellants.

*Glaze & McNally, George E. Glaze, Steven M. Fincher,* for appellee.