## A00A0018. PINNELL v. KIGHT et al.
### (537 SE2d 170)

PHIPPS, Judge.

Louise Pinnell appeals the Dodge County Superior Court's denial of her petition for declaratory judgment and writ of mandamus in which she sought to enforce a zoning variance allowing her to place a mobile home on her property. Because it appears that proper notice was given prior to issuance of the variance and that the City of

Eastman had procedures in place for obtaining a variance, we reverse the trial court's holding that the variance was never validly issued. We remand the case for a determination whether changed circumstances justify the decision to rescind the variance after Pinnell waited five years to exercise it.

Pinnell resides in a single-family residential district in the City of Eastman. She wanted to put a mobile home behind her house so that her grandson could live there, but her property was subject to a zoning ordinance prohibiting mobile homes in single-family residential districts. On October 18, 1993, Pinnell applied for a variance from the ordinance. The application was presented to the Eastman-Dodge Planning & Zoning Board and scheduled for public hearing on November 15, 1993. At the public hearing, Pinnell stated that the mobile home was "only for her grandson to live in" and that her closest neighbor had no objection. Although members of the Board stated that a few neighbors had expressed concern about additional mobile homes being moved into the area, no one opposed Pinnell's request. The Board unanimously approved the variance, "with the understanding that [the mobile home] is only for her grandson to live in," and submitted its recommendation to the city council.

On November 22, the city council approved Pinnell's variance request, "[w]ith the understanding that only her grandson (and family) can live in it. Should the family move, the variance would be reverted back to original zoning and mobile home would have to be removed from premises." Pinnell made no attempt to exercise the variance until five years after receiving it.

Pinnell moved a mobile home onto her property in September 1998. In a letter dated October 27, 1998, James Wright, the City Manager, informed Pinnell that the Eastman City Council had voted on October 12 to rescind her variance. She was instructed to remove the mobile home from her property no later than November 26.

Pinnell was later told to complete an application for a moving permit, which she evidently should have obtained before moving the mobile home onto her property. She completed the application, and it was presented to the city council for approval. On March 8, 1999, the Eastman City Council considered and denied the application.

On April 7, 1999, Pinnell filed a petition for declaratory judgment and writ of mandamus against the city building inspector and the City of Eastman, seeking to enforce the variance granted in 1993 and to require the building inspector to grant Pinnell's application for a moving permit.[1] After conducting a hearing on Pinnell's peti-

---

[1] The building inspector is responsible for issuing moving permits after they are approved by the city council.

tion, the trial court denied her requested relief. The court determined that the Eastman City Council had not had authority to issue the 1993 variance because the city code lacked adequate procedures for obtaining a variance.

Pinnell appeals and asserts eight repetitive and somewhat confusing enumerations of error. We will consider all errors that are apparent from the notice of appeal, the record, and the enumerations of error.[2]

1. Pinnell claims that the zoning ordinance prohibiting mobile homes in R-1 or single-family residential districts is unconstitutional based on *Cannon v. Coweta County*.[3] To challenge the constitutionality of a zoning ordinance, the issue must first be raised before the local governing body to provide that body the chance to amend the ordinance to bring it within constitutional limits.[4] It does not appear that Pinnell raised this issue before the Eastman City Council. As a result, the issue is not properly before us.

2. The trial court concluded that the City of Eastman's failure to adopt an ordinance setting forth the procedure for obtaining a variance resulted in a failure to comply with proper notice procedures. Pinnell challenges the court's conclusion that the 1993 variance was not properly granted.

The record reveals that a sign was posted on Pinnell's property for several weeks prior to the hearing on the variance application, that a public hearing was conducted, and that no one opposed the application. In addition, the application itself set out the procedures for obtaining a variance, which included advertisement in the local newspaper, the posting of a sign on the subject property prior to the hearing, and a public hearing. We therefore reverse the trial court's determination that the variance was invalid based on improper notice or lack of procedures.[5]

The trial court also found that the factors most commonly considered in granting a variance, such as unnecessary hardship, were not present, and that because Pinnell failed to move the mobile home onto her property for five years, she had not detrimentally relied on the variance. But the question is not whether unnecessary hardship or detrimental reliance has been shown. Nor does the mere passage of time invalidate the variance.

---

[2] OCGA § 5-6-48 (f).

[3] 260 Ga. 56 (389 SE2d 329) (1990) (zoning ordinance restricting manufactured homes to manufactured home parks held unconstitutional).

[4] *Moon v. Cobb County*, 256 Ga. 539 (350 SE2d 461) (1986); see also *Emory .Univ. v. Levitas*, 260 Ga. 894, 900 (3) (401 SE2d 691) (1991) (a constitutional challenge in a zoning context cannot be raised for the first time in superior court).

[5] See OCGA § 36-66-5 (c) (policies and procedures for conducting hearings on zoning decisions *may* be included in and adopted as part of local zoning ordinance).

The Eastman City Code defines variance as a "deviation from the terms of the ordinance that are not contrary to the public interest." The trial court should have reviewed the city council's decision under this standard to determine if it was supported by any evidence.[6] Because the trial court is bound by the facts presented to the city council, we need not remand the case for application of the any evidence standard.[7] We find the record supports the 1993 decision of the city council.

Pinnell's failure to exercise the variance for five years does not mean that the right to the variance has been lost, so long as circumstances remain the same.[8] We remand the case to the trial court to determine if changed circumstances, such as a change in the facts and circumstances justifying the variance or a change in neighborhood conditions such that exercising the variance would affect its basic character,[9] justify the city council's 1998 decision to rescind the variance.

*Judgment reversed and case remanded. Johnson, C. J., and Mikell, J., concur.*

DECIDED JULY 11, 2000 —
RECONSIDERATION DENIED JULY 25, 2000.

*Harrison & Llop, Steven M. Harrison*, for appellant.
*Harrison & Wall, Milton Harrison*, for appellees.

---

[6] *Emory Univ.*, supra at 896-898 (1).
[7] Id. at 898.
[8] Rathkopf & Rathkopf, The Law of Zoning & Planning, § 38.07 [2].
[9] Id.