23470. CLAIRMONT DEVELOPMENT COMPANY, INC. v. MORGAN et al.

23473. CLAIRMONT DEVELOPMENT COMPANY, INC. v. HOLT et al.

CANDLER, Presiding Justice. These are cases respecting zoning. The petition in case No. 23470 was filed by Clairmont Development Company, Inc. against the three members of the Board of Commissioners of Roads and Revenues of Gwinnett County, Georgia. It alleges: Petitioner is the "optionee and holder and obligee of a contract to purchase a described tract of land in Gwinnett County" if and when rezoned from residential to commercial use. On August 17, 1965, such board of commissioners on petitioner's application therefor, and after the board had complied with all zoning requirements, rezoned

it for commercial use. Relying on the board's rezoning action, petitioner has expended a great deal of time, effort and money to plan and develop it as a shopping center and may have become liable to the owners to purchase it for $50,000 under a contract of sale with them. On October 14, 1965, the board issued an order for all interested parties to show cause why its rezoning ordinance of August 17, 1965, should not be declared void because of applicant's failure to comply with all of its regulations for rezoning property; and that petitioner responded to such order and on the hearing it was shown without contradiction that its application for the rezoning of such property was fully in compliance with all applicable rezoning regulations. The petition further alleges that petitioner received a notice from the board on November 17, 1965, that it had decided to initiate a rezoning of the subject property from a commercial use back to a residential use since it had concluded there were sufficient areas in that section of the county already zoned for shopping centers. The petitioner further alleges that the proposed rezoning of the subject land is not for the purpose of bringing it within compliance with any comprehensive zoning plans of the area or of the county, but is proposed arbitrarily and capriciously as a matter of political expediency to satisfy some of the citizens in the area; that the land is worth $50,000 for commercial uses but would not be worth that amount as residential property; and that if such property is rezoned for residential use, petitioner will have no need for it and will suffer an irreparable injury and loss unless the board is restrained and enjoined from rezoning it from commercial to residential use. The petition contains a prayer for such relief.

Case No. 23473 is a mandamus proceeding which Clairmont Development Company, Inc. brought against W. Grady Holt, as Zoning Administrator (Chief Building Official) and Secretary for the Gwinnett County Zoning and Planning Board and also against three named persons as members of the Gwinnett County Board of Zoning Appeals. (This case relates to the same land which the Gwinnett County Board of Commissioners rezoned from residential to commercial use on August 17, 1965, on an application therefor by Clairmont Development Company, Inc.). The amended petition in this case alleges: Article 21, Section B, Subparagraph 2 of the zoning ordinance of Gwinnett County provides: "The Zoning Ad-

ministrator (Chief Building Official) shall have the duty and authority to administer the provisions of this zoning resolution and this duty and authority shall include but not be limited to the following: (a) To issue certificates of zoning compliance for all uses listed as permitted or conditional uses in this resolution and to deny such certificates to any person permitted use which does not conform to the requirements of this resolution." The amended petition further alleges that petitioner, after complying with all provisions of law and of the Gwinnett County Zoning and Planning Ordinance, filed with the defendant W. Grady Holt, Zoning Administrator (Chief Building Official) of Gwinnett County an application for a certificate of zoning compliance, a prerequisite to the issuance of a building permit; that it attached to its application for the certificate, as it was required to do, an accurate plat of the property showing the proposed structures and their relationship to all property lines; that the defendant Holt on September 23, 1965, refused to issue to it the applied for certificate of zoning compliance; that it appealed Holt's decision to the Gwinnett County Board of Zoning Appeals and such board has refused to pass on its appeal; and that, since applicant had complied with all provisions of the Gwinnett County zoning ordinance, it was the duty of the defendants to issue to it a certificate of zoning compliance. The prayer is that a writ of mandamus issue requiring the defendants to perform their respective official duties and issue to petitioner a certificate of zoning compliance. Both petitions were dismissed on demurrers and from those judgments the petitioner appealed to this court. *Held:*

1. We deal first with the petition in case No. 23470 which seeks to enjoin the Gwinnett County zoning board from rezoning the property involved from commercial to residential use. Its allegations show that the property involved was rezoned from residential to commercial use on August 17, 1965, on plaintiff's application therefor, the sufficiency of which application was not questioned in any way by the board when it was acted upon; that on the rezoning of such property for commercial use, the plaintiff became legally obligated under the terms of his contract with the owners thereof to purchase it for a consideration of $50,000; that plaintiff, relying on such rezoning ordinance and on faith of its validity, has expended a great deal of time, effort and money to plan and

develop the rezoned property as a shopping center; that plaintiff will have no need for the property and will suffer an irreparable injury and loss if it is rezoned for residential use; and that defendant board's proceeding to rezone it from commercial to residential use is arbitrary and capricious action on its part. Are these allegations when applied to applicable law sufficient to state a cause of action for the injunctive relief sought? We think they are. They unquestionably show that the plaintiff has from its reliance upon such rezoning ordinance and the expenditures it has made in consequence thereof, acquired a vested property right, and the Constitution of the United States and the Constitution of this State protect vested property rights. *Code* §§ 1-815, 2-102. When this property right became vested, this plaintiff indisputably had a right under the rezoning ordinance of August 17, 1965, to use the subject property for a shopping center and the zoning authority of Gwinnett County can not legally divest this right by the subsequent adoption of another ordinance prohibiting such use. See Dobbins v. Los Angeles, 195 U. S. 223 (25 SC 18, 49 LE 169); Pelham View Apartments v. Switzer, 224 N. Y. S. 56 (130 Misc. 545); Dubow v. Ross, 22 N. Y. S. 2d 610 (175 Misc. 219); and Vine v. Zabriskie, 122 N. J. L. 4 (3 A2d 886). In 58 Am. Jur. 1041, § 185 the author states: "Under other decisions, it appears that where substantial expenditures are made in the acquisition of property or in preparations for the construction of a building in reliance upon the granting of a permit, vested rights are acquired which cannot be displaced by the passage of a new ordinance." While this court is not bound by the rulings made in the cited cases, we nevertheless think they announce a sound principle of law which should be followed in this case. Hence, we hold that the judgment sustaining the demurrer in this case is erroneous.

2. The petition in Case No. 23473 seeks mandamus to compel certain zoning officials of Gwinnett County to issue to it a certificate of zoning compliance—a prerequisite to the issuance of a building permit. To entitle one to the writ of mandamus, it must appear from the petition therefor that applicant has a clear legal right to have performed the particular act which he seeks to have enforced. *Code* § 64-101. Article 21, Section B, Subparagraph 2 of the zoning ordinance of Gwinnett County imposes a duty on the zoning officials

against whom this proceeding was brought to issue a certificate of zoning compliance to an applicant therefor who has complied with the applicable provisions of its zoning ordinance. The petition in this case alleges that the applicant for such certificate has complied with all zoning requirements for its issuance and that the zoning officials to whom he applied have failed and refused to issue to him the applied for certificate. Hence, we hold that the petition in this case should not have been dismissed on demurrer.

*Judgments reversed. All the Justices concur.*

ARGUED MAY 10, 1966—DECIDED JUNE 9, 1966.

*Duncan & Wall, R. F. Duncan, J. J. Wall,* for appellant.
*Stark & Stark, Hope D. Stark, Homer M. Stark,* for appellees.