25946.   CRAIG et al. v. CITY OF LILBURN.

ARGUED JULY 14, 1970—DECIDED SEPTEMBER 10, 1970.

*Webb & Fowler, W. Howard Fowler,* for appellee.

FELTON, Justice.   In this action by the City of Lilburn for an injunction to restrain the appellants from constructing on their property in said city a trailer park alleged to be in violation of the plaintiff city's purported trailer park regulations, the pleadings and the evidence showed that, prior to the date of the purported enactment of the regulations, appellants had obtained six permits from the county for the placement of septic tanks at the trailer park site; that installation of such tanks was in progress when work on the park was halted by the trial court's restraining order; that two of such tanks had already been inspected and passed by the county health department; that appellants had obligated themselves for $3,200 worth of work on the park prior to the purported enactment of the regulations; that appellants had proceeded on the work one step at a time: grading, erecting a sign out front, then installing septic tanks, without being enjoined by the city, although the city had actual notice of appellants' intentions; that space in the park was to be leased yearly, mostly to retired persons, with permanently underpinned trailers; that only 16 trailers were contemplated on approximately 6 acres, with an additional 5 to 7 acres for recreational use.   The above circumstances show that appellants acted within the law as it existed prior to the

purported enactment of the city's regulations and acquired a vested property right in the proposed use of their land, toward which they had made substantial expenditures of time, effort and money. See *Clairmont Development Co. v. Morgan,* 222 Ga. 255 (149 SE2d 489); *Norton Realty &c. Co. v. City of Gainesville,* 224 Ga. 166, 171 (160 SE2d 819) and cit. It follows that the appellee city can not legally divest or restrict this vested right by the enactment of regulations, even if the enactment is valid and the regulations reasonable and constitutional, since such a regulation, so applied, would be a retroactive law, impairing the obligation of contracts, which is prohibited by our Constitution. Ga. Const., Art. I, Sec. III, Par. II (*Code Ann.* § 2-302).

Therefore, the trial court erred in its judgment enjoining the appellants from establishing their trailer park until a permit is secured from the appellee city.

*Judgment reversed. All the Justices concur, except Mobley, P. J., and Grice, J., who dissent.*

GRICE, Justice, dissenting. I dissent for the reasons stated in the dissent of Presiding Justice Mobley and myself in *Norton Realty &c. Co. v. City of Gainesville,* 224 Ga. 166 (160 SE2d 819).

I am authorized to state that Presiding Justice Mobley concurs in this dissent.