28564. VININGS ASSOCIATION, INC. v. NEW PACES FERRY ROAD DEVELOPMENT COMPANY, INC. et al.

JORDAN, Justice. This is an appeal from an order of the trial court in a zoning case dismissing the appellant's complaint on the basis of mootness.

The property now owned by the appellee was rezoned on November 24, 1970, from single family residential to multi-family (apartment) zoning subject to certain conditions, i.e., 25 percent of the development be completed within 2 years; that each unit have a minimum number of square feet; that there be only 8 units per acre; a 100-foot natural buffer be provided, and that only townhouses be constructed. At the time of such rezoning "substantial opposition was registered" by members of the appellant association.

On February 10, 1972, the appellant, among whose corporate purposes was to concern itself "with the quality of Georgia's environment and particularly the environment in the area generally known as Vinings," filed its complaint seeking to enjoin the construction of any improvements on said property.

On May 24, 1972, the parties entered into a consent order whereby the appellee was allowed to proceed with the construction and sale of 57 condominium units, provided that either party could move for a de novo hearing on the law and facts anytime on or after April 1, 1973. On October 9, 1973, the appellant moved for a de novo hearing on the grounds that the appellee was seeking to obtain additional building permits and that since the conditions of the rezoning ordinance of November 24, 1970, had not been met, the undeveloped portion of the property should revert to its prior single family dwelling classification. Upon appellee's motion to dismiss, the trial court filed the following order on November 1, 1973: "The motion to dismiss, coming before me to be heard, and it appearing that subsequent to the filing of the pleadings, the laws of Cobb County related to zoning, a new ordinance dealing with the zoning of the specific property has been adopted on December 26, 1972, wherein the use of the entire tract of defendants, which plaintiff seeks to enjoin, was authorized; plaintiff not appearing and objecting at the public hearing at the time of adoption of same, and there being no appeal from that action to the governing authority of Cobb County, the question is now moot and the motion to dismiss is sustained." *Held:*

We affirm. There is no dispute between the parties concerning the authority of Cobb County to adopt the ordinance of December 26, 1972, nor is there any dispute that such ordinance clearly authorized the use of the entire property for multi-family units. As appellant concedes in its brief, "the new ordinance adopts the same multi-family zoning classification as existed prior to December 26, 1972, except for the fact that prior to December of 1972 certain conditions were attached to that zoning classification which were not set out in the new ordinance." The adoption of this ordinance of December 26, 1972, without the conditions imposed by the previous zoning ordinance, rendered moot the appellant's complaint based upon the fact that the appellee was proceeding to develop the property in violation of the previous conditions. The action of Cobb County in adopting the ordinance of December 26, 1972, had the effect of removing any zoning restrictions that may have existed prior thereto and granted to the appellee the right to use its property in accordance with the provisions of the new ordinance. *Birdsey v. Wesleyan College,* 211 Ga. 583, 591 (87 SE2d 378).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 4, 1974 — DECIDED MARCH 7, 1974.

*Custer, Smith & Manning, Lawrence B. Custer, W. Sammy Garner, III,* for appellant.

*Ben F. Smith, Rose & Stern, George S. Stern, Benjamin Landey,* for appellees.