29202. SPALDING COUNTY et al. v. EAST ENTERPRISES, INC.

UNDERCOFLER, Justice.

East Enterprises, Inc., filed a complaint in the Spalding Superior Court against Spalding County, the members of the Board of Commissioners of Roads and Revenues, individually and officially, the members of the Spalding County Board of Zoning Appeals, individually and officially, and against the Spalding County Building Inspector. The complaint alleged that the building inspector had disapproved its application for a zoning certificate and building permit. An appeal was filed to the Board of Zoning Appeals and after a hearing, the decision of the building inspector was upheld. After alleging the facts relating to the purchase of the property, the complainant alleged that the refusal to issue the zoning certificate and building permit was unreasonable, capricious and arbitrary, was a denial of the due process

and equal protection provisions of the State and Federal Constitutions, and deprived it of vested rights in its property in violation of the Constitution of Georgia (Code Ann. § 2-302). The complainant also asserted that it had no adequate remedy at law and sought a mandamus to compel the issuance of the zoning certificate and building permit.

The parties stipulated that the questions of law and fact could be decided by the trial court without a jury.

The evidence shows that when the property involved was purchased on July 20, 1971, it was zoned "C-1" which permitted mobile home parks, that one of the county commissioners assured the developer that it could be used for that purpose, that it was purchased specifically for a mobile home park and a consideration of $85,000 was paid for it plus an additional $9,800 as a finder's fee for its location; and that since its purchase continuous work has been done toward its development as a mobile home park. About July, 1972, the developer sought a building permit from the county and was told by the building inspector that the zoning was satisfactory and that only a set of plans for the construction was necessary for the issuance of the permit. Acting on this information the purchaser contracted with a landscape engineer and architect for the preliminary site development plan. The developer has expended $6,034.91 for a topographical contour map, engineering services, percolation test holes and grid stakes; $150 for option preparation; $2,000 for a feasibility study and photographs; and $1,600 for additional engineering contract work. When the development plan was completed in September, 1972, the developer took a copy of it to the building inspector. At that time the three county commissioners were in the courthouse and they had an informal meeting. The development plan was discussed in detail with them. The county commissioners informed the developer that the plans were adequate and met the county zoning requirements. The commissioners informed the developer that the only further requirement was approval of the county board of health. This approval was obtained after contacting the board four times prior to November, 1972. On November 30, 1972, the county

adopted a resolution which eliminated entirely the mobile home park classification in Spalding County. In February, 1973, application was made for a building permit and a copy of the development plans, a copy of a letter to the Georgia Department of Natural Resources, and a copy of the engineering contract were submitted. The building permit was refused because mobile home parks were no longer permitted in the county; the developer was not personally informed of the change in the zoning laws until February, 1973.

The trial court found that the developer had acquired a vested interest in the mobile home park classification as it existed prior to November, 1972, and held that it was error to refuse to allow the developer to apply for a certificate of zoning compliance and for a building permit. The trial court reversed the Board of Zoning Appeals. The defendants appeal to this court. *Held:*

The controlling issue in this case is whether the evidence presented was sufficient to show that the developer had acquired a vested property right in the mobile home classification. In *Clairmont Development Co. v. Morgan,* 222 Ga. 255 (1) (149 SE2d 489) this court said that similar facts were sufficient to show such a vested property right because the developer had there relied on the rezoning ordinance, had made substantial expenditures in consequence thereof, and because the Constitutions of the State of Georgia and the United States protect such vested property rights. Code Ann. § 2-102; Code § 1-815. That case further stated: "When this property right became vested, this plaintiff indisputably had a right under the rezoning ordinance of August 17, 1965, to use the subject property for a shopping center and the zoning authority of Gwinnett County can not legally divest this right by the subsequent adoption of another ordinance prohibiting such use. [Cits.]." Also, *Norton Realty & Loan Co. v. City of Gainesville,* 224 Ga. 166 (3) (160 SE2d 819); *Craig v. City of Lilburn,* 226 Ga. 679 (177 SE2d 75).

It follows that the evidence was sufficient to support the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except*

*Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 11, 1974 — DECIDED OCTOBER 1, 1974.

*Beck, Goddard, Owen & Murray, J. C. Owen, Jr., Samuel A. Murray,* for appellants.
*Davis & Stringer, Robert H. Stringer,* for appellee.