### 33684, 33685. CITY OF ATLANTA et al. v. WESTINGHOUSE ELECTRIC CORPORATION; and vice versa.

JORDAN, Justice.

This is an appeal from a judgment of the trial court dated November 23, 1977, granting a mandamus absolute directing officials of the City of Atlanta to issue to the appellee a building permit to construct apartments on a tract of land under the A-1 zoning classification in the City Zoning Ordinance.

In 1967 the City of Atlanta rezoned the tract in question from a residential classification (R-3) to an apartment classification (A-1). At the time of this rezoning there was correspondence in the zoning files to the then owner, Mr. Hartrampf, regarding some conditions to the zoning. However, these conditions were not made a part of the ordinance at the time of its adoption.

The appellee Westinghouse acquired title to the property on April 15, 1970, by a warranty deed which warranted the zoning classification to be A-1-C (apartments conditional).

In February, 1972, appellee Westinghouse, having satisfied the conditions set forth in the letter to the former owner, obtained a building permit which authorized

construction of apartments on the tract. Before the apartments were constructed the appellee Westinghouse suspended its construction plans due to economic conditions and the building permit expired. The appellee to date has expended the sum of $1,061,464. in connection with acquisition, maintenance, and development of the tract, including architectural and engineering fees, consultant fees, building permits, and land development costs.

On October 11, 1977, the Department of Law of the City of Atlanta issued its opinion stating that the 1967 ordinance rezoning the tract from residential to apartment use had been invalidly enacted because the proposed conditions were not stated in the ordinance or referred to therein by reference. Appellee Westinghouse on October 25, 1977, applied for a building permit to construct apartments on the tract and, based on the opinion cited above, the city refused to issue the building permit. On November 15, 1977, the city passed an ordinance down-zoning the property from apartment use to residential use.

The appellee Westinghouse then filed this action against the City of Atlanta and the seller Hartrampf. After a hearing the trial court issued its findings of fact and conclusions of law holding that the 1967 ordinance was valid, and directed that the building permit be issued to the appellee. The trial court further ordered the dismissal of the complaint as to the relief sought against the Hartrampf defendants. From this order the City of Atlanta appeals and Westinghouse cross appeals.

The appellant has filed what could be called at best a "skeleton" brief. The appellant enumerates twelve errors, three of which contain no argument and cite no authority. The other enumerated errors fail to make any argument and cite only minimal authority, some of which this court considers irrelevant. Pretermitting the question of whether the appellant has complied with Rule 18 (c)(2) of this court, we have thoroughly examined the record in light of the enumerated errors and find them to be completely without merit.

The 1967 ordinance rezoned the property from residential to apartment use without conditions. The fact

that the city may have intended to apply conditions does not invalidate the zoning. Further, the record is clear that these conditions were satisfied by the appellee Westinghouse in order to obtain a building permit in 1972.

The record shows that the appellee has expended considerable money in reliance upon the zoning classification and the issuance of the building permit in 1972. The law in this state is clear that a property owner acquires a vested right to the continuation of a zoning classification when he incurs expenses in acquiring property and developing it in reliance upon the zoning classification. This rule is stated in such cases as *Clairmont Development Co. v. Morgan,* 222 Ga. 255 (149 SE2d 489) (1966); *Craig v. City of Lilburn,* 226 Ga. 679 (177 SE2d 75) (1970); and *DeKalb County v. Chapel Hill, Inc.,* 232 Ga. 238 (205 SE2d 864) (1974).

Under the facts of this case we find no error in the trial court's grant of the mandamus absolute.

Our holding above renders moot the cross appeal in Case no. 33685.

*Judgment affirmed on the main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED JUNE 20, 1978 — DECIDED JULY 6, 1978.

*Ferrin Y. Mathews, Ralph H. Witt, James A. Barnett,* for appellants (Case no. 33684).

*Schreeder, Wheeler & Flint, David H. Flint, Strother, Weiner & Dwyer, John R. Strother, Jr., James S. S. Howell,* for appellee (Case no. 33684).

*David H. Flint,* for appellant (Case no. 33685).

*Ferrin Y. Mathews, Ralph H. Witt, James A. Barnett, John R. Strother, Jr.,* for appellees (Case no. 33685).