A02A2051. DEKALB COUNTY v. DRS INVESTMENTS, INC.

(581 SE2d 573)

MIKELL, Judge.

On January 2, 2001, DeKalb County ("the county") issued a permit to DRS Investments, Inc. ("DRS"), an outdoor advertising business, to erect a sign on Lavista Road near Northlake Mall. At that time a county ordinance specified a maximum height of 45 feet for all freestanding signs.[1] DRS, however, erected its sign at a height of 75.5 feet, and on August 10, 2001, filed a request for a variance with the DeKalb County Board of Zoning Appeals ("BZA"). The request was denied. On November 8, 2001, DRS filed a petition for a writ of certiorari and complaint, seeking a judgment declaring the sign ordinance unconstitutional and an injunction prohibiting its enforcement against DRS. On November 13, 2001, the superior court entered a consent order submitted by a senior assistant county attorney and counsel for DRS. The order required DRS to lower its sign to a height of 45 feet, to remove one of the sign's three faces, to enter a plea of nolo contendere to a citation for violating the ordinance, and to pay a $1,000 fine. The order further stipulated that the altered sign would comply with the county code as it existed when the permit was issued and that "specific conditions"[2] attached to the denial of the application for a variance exceeded the BZA's jurisdictional authority and did not apply to DRS.

The following day, the county and BZA moved to set aside the consent order, contending that the senior assistant county attorney had exceeded his authority by failing to obtain the approval of the DeKalb County Board of Commissioners ("BOC") prior to executing the order. The superior court denied the motion, ruling that in the absence of an ordinance limiting the senior assistant county attorney's authority or an express limitation communicated to counsel for

---

[1] Code of DeKalb County § 21-65 (a). A new sign ordinance, which became effective on July 24, 2001, limits nonresidential signs to a height of 25 feet. Code of DeKalb County § 21-14 (a).

[2] Significantly, these "conditions" do not appear in the record.

DRS prior to settlement, the attorney had plenary authority to bind the county. We granted the county's application for discretionary appeal and affirm the judgment because "a correct decision of a trial court will not be reversed regardless of the reasons given therefor."[3]

1. We agree that the senior assistant county attorney had the authority to bind the county but disagree that his authority was "plenary."[4] Our Supreme Court articulated the presumption of plenary settlement authority in *Brumbelow v. Northern Propane Gas Co.*[5] "[A]n attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. . . . The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties."[6] In *City of Atlanta v. Black*,[7] however, the Supreme Court held that the presumption of plenary settlement authority does not apply to attorneys who represent public entities. "While the authority of private sector attorneys negotiating private settlements between private parties may be considered plenary under *Brumbelow*, the same cannot be said of public sector attorneys."[8] The Court reasoned:

> Public sector attorneys . . . are public officers. All persons dealing with a public officer must at their peril ascertain the extent of his authority. It is the duty of any person dealing with a municipality in a contractual relation to see that there has been a compliance with the mandatory provisions of the law limiting and prescribing its powers, a duty which includes determining that the public officer who executed a contract has the requisite authority.[9]

The Court's ruling was based in part on OCGA § 45-6-5, which provides: "Powers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power." Accordingly, the Court held, the "presumption of plenary authority . . . cannot apply to those attorneys who are also public officers since pursu-

---

[3] (Citations omitted.) *Duffy v. The Landings Assn.*, 254 Ga. App. 506, 509 (1) (563 SE2d 174) (2002).

[4] Webster's Third New Intl. Dictionary (1976), p. 1739, defines "plenary" as "complete in every respect: absolute, perfect, unqualified."

[5] 251 Ga. 674 (308 SE2d 544) (1983).

[6] (Citations omitted.) Id. at 674-675 (2).

[7] 265 Ga. 425 (457 SE2d 551) (1995).

[8] Id. at 427. Subsequently, in *Pembroke State Bank v. Warnell*, 266 Ga. 819, 821 (1) (471 SE2d 187) (1996), the Supreme Court reaffirmed that the *Brumbelow* rule is limited to civil litigation between private parties.

[9] (Citations, punctuation and emphasis omitted.) *Black*, supra at 426.

ant to OCGA § 45-6-5, public sector attorneys can exercise only those powers defined and conferred by law."[10]

In *Black*, however, the city attorney's settlement authority was circumscribed by an ordinance which expressly required counsel to obtain the approval of the city council prior to settling claims or suits in excess of $500.[11] In the case at bar, in contrast, the sole ordinance describing the position of the county attorney states that the attorney "represents the county in all court cases and is responsible for associated trial research and preparation."[12] Moreover, counsel for DRS fulfilled his obligation to determine the extent of the senior assistant county attorney's authority to settle this matter. In an affidavit submitted in opposition to the county's motion to vacate the consent order, counsel for DRS averred that he specifically inquired of the senior assistant county attorney whether he had full authority to negotiate the terms of the consent order and authorize its presentation to the court without the approval of the BOC. He further averred that the senior assistant county attorney informed him that the approval of the BOC was not required; that only the approval of the Director of the DeKalb County Department of Public Works was required; and that the Director had agreed to and approved the settlement. Based on this assurance, DRS's counsel presented the consent order to the court with the senior assistant county attorney's express permission. Therefore, neither DRS's inquiry of the senior assistant county attorney nor the relevant ordinance delineating the role of the county attorney yielded any express limitation upon the attorney's settlement authority, contrary to the situation in *Black*. Accordingly, the trial court did not abuse its discretion in ruling that the county was bound by the conduct of its attorney.[13]

2. The county contends that Ga. Const. of 1983, Art. IX, Sec. II, Par. IV grants the BOC the sole authority to regulate land use in the county, and, under *Black*, the county attorney was not empowered to consent to the settlement of the case in a manner that granted a variance to the county's sign ordinance.[14] The county argues that DRS

---

[10] (Citation and punctuation omitted.) Id. at 427.

[11] Id. at 425.

[12] Code of DeKalb County, App. A, Art. I, Sec. 3.

[13] See, e.g., *City of Columbus v. Barngrover*, 250 Ga. App. 589, 598 (5) (552 SE2d 536) (2001) (trial court did not err in charging the jury that the city was bound by the conduct of its attorney in the absence of a specific limitation on the city attorney's authority).

[14] Art. IX, Sec. II, Par. IV states: "The governing authority of each county and of each municipality may adopt plans and may exercise the power of zoning. This authorization shall not prohibit the General Assembly from enacting general laws establishing procedures for the exercise of such power." See also *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393, 397 (5) (359 SE2d 900) (1987) ("as a matter of state constitutional law, the power to zone is specifically vested in local governing authorities, subject to the General Assembly's authority to enact procedures regulating the exercise of such power").

was bound by the sign ordinance in effect at the time the consent order was signed.[15] DRS responds that it had a vested right to erect a sign in accordance with the ordinance in effect at the time its permit was issued and that the new sign ordinance may not be applied retroactively to defeat that right. The county replies that DRS's rights did not vest because it erected a sign in violation of its permit. Both the county and DRS rely on *WMM Properties v. Cobb County*,[16] where the Supreme Court held that a landowner had a vested right to use property in accordance with zoning regulations in force when he applied for a building permit.

> Once a building permit has issued, a landowner has a right to develop the property pursuant to that permit (during its term or for a reasonable time after its issuance if no term is specified), notwithstanding a zoning or regulatory change subsequent to the issuance of the building permit, and notwithstanding the fact that there has been no substantial expenditure of funds in reliance upon the building permit.[17]

*WMM Properties*, however, did not contemplate a landowner who knowingly violated the county ordinance pursuant to which its permit was issued and then subsequently applied for a variance. Therefore, that case is distinguishable.

The situation in the case at bar is more akin to *Dept. of Transp. v. Shiflett*.[18] There, the Supreme Court held that the Outdoor Advertising Control Act, OCGA § 32-6-70, was constitutional and could be applied retroactively to a billboard owner who had erected signs in violation of restrictions contained in a statute in effect when he received a permit.[19] The Court noted that the Act made it " 'unlawful for any person . . . to maintain any sign not authorized by this Act and which is not lawfully in existence on the effective date of this Act.' "[20] The Court held that the billboard owner's signs were not lawfully in existence on that date and that he had no property rights in them.[21] In the case sub judice, Code of DeKalb County § 21-23 (a) provides that nonconforming signs may stay in place, but only if they

---

[15] The new ordinance mandated a maximum sign height of 25 feet. Code of DeKalb County § 21-14 (a).

[16] 255 Ga. 436 (339 SE2d 252) (1986).

[17] Id. at 438 (1) (a). Accord *Barker v. Forsyth County*, 248 Ga. 73, 75-76 (2) (281 SE2d 549) (1981); *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260, 265 (191 SE2d 85) (1972) (governing authority can enforce compliance with regulations but cannot defeat applicant's right to a permit by rezoning the land).

[18] 251 Ga. 873 (310 SE2d 509) (1984).

[19] Id. at 876 (2).

[20] Id., citing Ga. L. 1971, p. 20 (Extraordinary Session).

[21] *Shiflett*, supra at 876 (3).

met all legal requirements when erected. DRS's sign did not meet the requirements of the ordinance in effect when it was erected. Therefore, under *Shiflett*, DRS did not obtain vested property rights in the sign.

Nevertheless, our disposition of this issue does not merit reversal of the judgment below, as we adhere to the maxim that "[c]ompromises of doubtful rights are upheld by public policy."[22] In the instant case, the issue of whether the sign owner had acquired a vested property right under a prior ordinance was not well settled. Accordingly, we hold that the senior assistant county attorney had the authority to bind the county to the consent order, and the trial court did not abuse its discretion in refusing to set it aside.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 13, 2003 — 

*Charles G. Hicks, William J. Linkous, Scott D. Bennett*, for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Jason W. Graham*, for appellee.

---

[22] *Folds v. Folds*, 187 Ga. 463, 466 (1 SE2d 4) (1939), citing *Preston v. Ham*, 156 Ga. 223, 234 (119 SE 658) (1923).